IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANTHONY WHITE                                                              PETITIONER

VS.                          CASE NO. 5:12CV00008 JMM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Anthony White, an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Following a jury trial in Grant County, Mr. White was convicted and sentenced to 110 years in the ADC as an habitual offender and for possession of cocaine, simultaneous possession of drugs and firearms, and possession of a firearm by a felon. On direct appeal, Mr. White argued that the trial court erred: (1) by refusing to suppress evidence obtained during the search of his car; (2) by refusing to suppress statements recorded by a video camera in a police vehicle; (3) by denying his motion for continuance; and (4) by denying his motion for directed verdict. The direct appeal was unsuccessful. *White v. State*, No. CACR 06-799 slip op. (Ark. Ct. App. Apr. 25, 2007). Mr. White subsequently sought Rule 37 relief, alleging his trial counsel was ineffective. The trial court denied Rule 37 relief, and the Arkansas Supreme Court affirmed this decision. *White v. State*, 2009 Ark. 225 (unpublished per curiam). Mr. White then sought federal habeas corpus relief, filing a petition with this Court advancing five claims for relief. *White v. Hobbs*, No. 5:10CV00070 (filed on March 16, 2010). Judgment against the petitioner was entered with prejudice on June 28, 2010. The petitioner unsuccessfully sought a certificate of appealability both from this Court and from the Eighth Circuit Court of Appeals. See Docket entries nos. 22, 28 in Case 5:10cv00070.

The current petition advances three claims of ineffective assistance of counsel as grounds for relief. There is no showing that the petitioner has sought or received permission from the Eighth

Circuit Court of Appeals to file the instant petition. The respondent moves to dismiss the current petition for failing to seek or receive permission from the Eighth Circuit Court of Appeals to file this successive petition.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory language is clear that permission must be received before the filing of the successive petition with the district court. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  10   day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE